```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JERRY LEWIS SEWARD,

      Plaintiff,

v.                                    Case No: 2:14-cv-356-FtM-29MRM

WEXFORD HEALTH SOURCE,
THOMAS REID, Warden, RONALD
S. KAMNIK[1], ROBERT HEMPHILL,
M.D., and ARTHUR MOON,
S.H.S.A.,

      Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court upon review of defendant Reid's Motion to Dismiss Amended Complaint with Prejudice (Doc. #57) filed on December 17, 2015. Defendant Reid moves for the dismissal of the Amended Complaint for failure to state a claim for relief. Plaintiff failed to file a response despite being given an extension of time to do so. (See Doc. #71.) Thus, this matter is ripe for review.

---

[1]As of the date on this Order, plaintiff has failed to execute service of process on defendant Kamnik. Upon review of the docket the Court finds reasonable efforts to locate defendant Kamnik and execute service of process have been expended without success. (See Docs. #15, #20, #40, #50, #63, #67, #71, #76.) Plaintiff was warned that failure to execute service on Defendant Kamnik would result in his dismissal from this case without prejudice. Therefore, defendant Kamnik is **DISMISSED without prejudice**.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being

facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Plaintiff initiated this action by filing a *pro se* Civil Rights Complaint Form (Doc. #1) on June 26, 2014. Plaintiff was granted leave to amend and filed an Amended Complaint (Doc. #12) which is now the operative pleading in this case. Liberally construed, the Amended Complaint sets forth claims of deliberate indifference under the Eighth Amendment and violations of plaintiff's right to bodily integrity under the Fourteenth Amendment. Attached to the Amended Complaint are Informed Consent for Psychotropic Medication forms and inmate grievance forms plaintiff submitted to various correctional officials. (Doc. #12-1.)

The Amended Complaint alleges that the defendants violated Petitioner's Eighth and Fourteenth Amendment rights by substituting his psychotropic medication twice without his consent. (Doc. #12.) According to plaintiff, no psychotropic medication can be prescribed, ordered, and dispensed without his signed consent. (Id. at p. 6.) Plaintiff claims that before

signing the consent form he must be counseled on the medications potential side effects, alternative treatment, approximate length of care, and risk and hazards. (Id.) Plaintiff alleges he told Dr. Kamnik that he did not consent to him changing his medication without his knowledge. (Id.) Plaintiff alleges he was dispensed pills that were different from the Artane tablets he was prescribed. (Id.) When he inquired what the pills were, the nurse told him they were Meluene (Syrillion) the doctor has prescribed. (Id.) Plaintiff took the pills pursuant to the "single dose policy". (Id. at p. 7.) Then on July 16, 2013, plaintiff's medication was changed from Meluene to Amantadine. (Id.) Plaintiff did not want to take the new medication but was compelled to take the medication by an administrative rule. (Id.) Plaintiff asked the nurse how to stop the medications and she told him to write a DC6-236 form requesting that the medication be discontinued. (Id. at p. 8.) On July 19, 2013, plaintiff wrote a request to Dr. Kamnik about the change in medication. (Id.) Dr. Kamnik responded stating the Artane is no longer available but a substitute "Meluene" was provided as discussed on July 16. (Id.) According to plaintiff, he never discussed receiving Meluene and never signed an informal Consent Form DC4-545 to be prescribed and dispended Meluene. (Id.) Plaintiff also learned that Dr. Kamnik prescribed him Amantadine without his written consent. (Id.) On August 1, 2013, plaintiff filed an informal grievance form with

the Chief Health Officer Hemphill about the alteration in his medication. (Id. at p. 9.) He received a response that all psychotropic medications would be discontinued immediately per his request. (Id.)

Plaintiff alleges he filed another DC6-236 form on August 6, 2013 explaining his symptoms and that he "had spoke[n] to doctor Kamnik on 7-16-13 and that he did not trust him." (Id. p. 10.)

Plaintiff states he did not give written or verbal consent to take Meluene or Amantadine. (Id. p. 11.) Plaintiff alleges he took the medications from July 16, 2013 through September 5, 2013 for approximately twenty-one (21) days. (Id. p. 12.) Plaintiff claims the medications were forced on him against his will by the single dose policy which compels plaintiff to take the medication at the window in view of the nurse and officer or receive a disciplinary report and be confined. (Id. at p. 13.) Plaintiff took the medications because did not want to go to confinement. (Id.) Plaintiff stopped taking the medication due to the extreme discomforts the medication was causing him. (Id. at p. 7.)

### III.

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc.,

261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, a plaintiff must establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation.  <u>Marsh v. Butler Cty.</u>, 268 F.3d 1014, 1059 (11th Cir. 2001); <u>Swint v. City of Wadley</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson Cty. Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

**A.   Eighth Amendment**

Prison officials violate the Eighth Amendment when they act with deliberate indifference to a plaintiff's health or safety.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 (1976).  To establish an Eighth Amendment claim for deliberate indifference to a serious medical need, a plaintiff must prove: (1) a serious medical need; (2) deliberate indifference to that need by the defendants; and (3) causation between the defendants' indifference and the plaintiff's injury.  <u>Youmans v. Gagnon</u>, 626 F.3d 557, 563 (11th Cir. 2010).  In order to establish deliberate indifference to a serious medical need on the part of a defendant, a plaintiff must show subjective knowledge of a risk of serious harm and disregard of that risk by conduct that is more than gross negligence.  <u>Townsend v. Jefferson Cty.</u>, 601 F.3d 1152, 1158 (11th Cir. 2010).

Plaintiff alleges defendant Reid was deliberately indifferent to his medical needs and to his responsibilities as Warden.  (Doc. #12, p. 17.)  Specifically, plaintiff alleges that defendant Reid follows the same agenda as the Warden before him which has a

lackadaisical approach to correcting major errors in departments of his supervision. (Id.) Plaintiff asserts defendant Reid did not correct the medical department despite plaintiff's numerous grievances. (Id. at p. 18.)

Defendant Reid asserts that he had no involvement or participation in ordering, prescribing, or dispensing plaintiff's medications, and his responses to plaintiff's grievances are not a basis of deliberate indifference claim (Doc. #57, pp. 9-11.)

A defendant cannot be held liable under § 1983 based solely on the theory of *respondeat superior* or vicarious liability. Hyland v. Kolhage, 267 F. App'x 836, 841 (11th Cir. 2008); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). Supervisory liability can be established only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotations omitted). When determining whether there is a causal connection between a defendant's action and the alleged deprivation of a constitutional right, mere knowledge of a potential deprivation is not sufficient to impose liability on a supervisor. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Rather, in order to state a claim against the supervisor, the plaintiff must allege purposeful

action by the supervisor to deprive plaintiff of a constitutional right. Id.

The Amended Complaint contains no factual allegations suggesting that defendant Reid was personally involved in administering the medical treatment provided to plaintiff. Therefore, plaintiff must show a causal connection to his constitutional deprivation through other means. A plaintiff can do this by demonstrating either that "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so" or that "a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff alleges a constitutional violation due to the "single dose policy" which compels plaintiff to take the medication at the window in view of the nurse and officer or receive a disciplinary report and be confined. (Doc. #12, p. 13.) Plaintiff claims he took the medications despite his lack of consent because he did not want to go to confinement. (Id.) The single dose policy is a reasonable one and is not facially unconstitutional. To establish supervisory liability for

deliberate indifference based on the implementation of a facially constitutional policy the plaintiff must show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations. See West v. Tillman, 496 F.3d 1321, 1329 (11th Cir. 2007) ("'The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.'" (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir.1999))); Marsh, 268 F.3d at 1037 ("Unless a policymaker knows of the need [to remedy an unconstitutional condition], no liability can arise from failure [to do so]."). As the Supreme Court has stated, "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bd. of County Comm'rs v. Brown, 520 U.S. 397, 410 (1997).

Plaintiff has not shown that defendant Reid had actual knowledge that the single dose policy was being implemented in a way that was deliberately indifferent to plaintiff's medical needs. Nor has plaintiff shown that defendant Reid instructed or knew his subordinates would act unlawfully. Furthermore, there is nothing in the record to suggest that there was a history of inmates receiving alternate medication without their consent which would have put defendant Reid on notice of the need to correct such conduct.

Plaintiff's allegations also attribute liability to defendant Reid based on his responses to the inmate grievances plaintiff filed concerning the change in his medication. The Amended Complaint fails to include factual allegations showing that defendant Reid had knowledge of a risk of serious harm and disregarded that risk by his responses to his inmate grievances. Thomas v. Poveda, 518 F. App'x 614, 618 (11th Cir. 2013) (citing Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011)).

Denying plaintiff's grievances does not amount to a constitutional violation. "[F]iling a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." Hall v. Santa Rosa C.I., No. 3:06-cv-351/RV/EMT, 2007 WL 4674370, *5 (N.D. Fla. Feb. 2007) (quotations omitted); Richards v. Hemphill, No. 2:07-CV-762-FTM-29DNF, 2009 WL 1651390, at *6 (M.D. Fla. June 12, 2009). Therefore, the Court finds plaintiff has failed to allege an Eighth Amendment claim against defendant Reid.

**B.   Fourteenth Amendment**

The Due Process Clause of the Fourteenth Amendment prevents the states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. Two types of claims can arise under the Due Process Clause—substantive or procedural due process claims. Zinermon v. Burch,

494 U.S. 113, 125 (1990). Substantive due process protects fundamental rights from "certain government actions regardless of the fairness of the procedures used to implement them." Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Fundamental rights include most of the rights specified in the Bill of Rights, and any right that is "implicit in the concept of ordered liberty." McKinney v. Pate, 20 F.3d 1550, 1556 (11th Cir. 1994) (quoting Palko v. Connecticut, 302 U.S. 319, 325 (1937)). Procedural due process, on the other hand, refers to the existence of adequate constitutional procedures in depriving a person of their life, liberty, or property. Id. at 1561.

   **1. Substantive Due Process**

Plaintiff has asserted violations of his substantive due process rights under the Fourteenth Amendment. However, substantive due process claims are very limited in nature. "As a general matter, the Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Collins v. City of Harker Heights, 503 U.S. 115, 125 (1992) (citing Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225-226 (1985)). Consequently, the scope of substantive due process claims has been limited to areas relating to family, procreation, marriage, and bodily integrity. Albright v. Oliver,

510 U.S. 266, 271–72 (1994) (plurality opinion). Instead of relying on substantive due process to restrict the exercise of the government's arbitrary authority in particular situations, courts are to look to the protections granted in the first Ten Amendments of the Constitution. Id. at 273. If a particular Amendment provides protection from an alleged violation of a constitutional right, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Id. (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

Plaintiff asserts defendant Reid violated his Fourteenth Amendment right to bodily integrity. (Doc. #12, p. 5.) However, plaintiff has not alleged or shown how his substantive due process rights are different from his Eighth Amendment rights in these circumstances. Therefore, the guide for analyzing plaintiff's claim must be the Eighth Amendment, not the "generalized notion of substantive due process[.]" Albright, 510 U.S. at 271–72 (citation and internal quotation marks omitted). The Court finds plaintiff's Fourteenth Amendment claim is duplicative of plaintiff's Eighth Amended claim. Accordingly, the Court grants defendant Reid's Motion to Dismiss plaintiff's substantive due process claim.

**2. Procedural Due Process**

To the extent plaintiff brings a procedural due process claim asserting that his prison grievances were not handled properly by

prison officials, even if true, fails to state a stand-alone § 1983 claim. The Eleventh Circuit Court of Appeals has held: "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." Dunn v. Martin, 178 F. App'x 876, 878 (11th Cir. 2006); Baker v. Rexroad, 159 F. App'x 61, 62 (11th Cir. 2005); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state."). Therefore, a prison official's failure to timely process a grievance form, investigate it, or otherwise respond to a grievance is not actionable under § 1983. Accordingly, defendant Reid's alleged errors regarding grievance procedures do not give rise to a stand-alone claim under § 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

**IV.**

Plaintiff has also filed two motions to exercise supplemental jurisdiction (Docs. #69, #81.) Defendant Reid filed a response in opposition (Docs. #77, #82.) Plaintiff asks the Court to exercise supplemental jurisdiction and consolidate this action

with his pending state court negligence action (Case No. 14-CA-1216). Defendant Reid is the only remaining defendant in this action. Because the Court finds dismissal is appropriate as to the claims against defendant Reid, the Court declines to exercise supplemental jurisdiction over plaintiff's state law negligence claim.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Kamnik is **DISMISSED without prejudice** for failure to serve.

2. Defendant Reid's Motion to Dismiss is **GRANTED**.

3. Plaintiff's Motion to Exercise Supplemental Jurisdiction (Doc. #69) is **DENIED as moot.**

4. Plaintiff's Second Motion to Exercise Supplemental Jurisdiction (Doc. #81) is **DENIED.**

5. The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this __19th__ day of July, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-2
Copies: All Parties of Record